UNITED STATES DISTRICT COURT

Northern District of California

| ONEWEST BANK, FSB | No. C 10-04940 MEJ |
|---|---|
| Plaintiff, <br> v. | **ORDER GRANTING MOTION TO REMAND** |
| JOSELITO C FABIONAR | **(Docket #4)** |
| Defendant. <br> _____/ | |

## I. INTRODUCTION

This is a residential unlawful detainer action following a non-judicial foreclosure sale. Pending before the Court is Plaintiff OneWest Bank's motion to remand, filed on November 10, 2010. (Dkt. #4.) On December 2, 2010, the Court held a hearing on the matter. After consideration of the parties' papers and oral arguments, relevant legal authority, and good cause appearing, the Court hereby GRANTS Plaintiff's motion and REMANDS this case to the Alameda County Superior Court.

## II. BACKGROUND

On March 24, 2010, Plaintiff OneWest Bank ("Plaintiff") purchased the subject residential real property located at 27624 BALDWIN STREET, HAYWARD, CA 94544 ("Property") at a non-judicial trustee's sale held in accordance with California Civil Code section 2924 et. seq. under a power of sale contained in a Deed of Trust. According to Plaintiff, title to the Property has been duly perfected by the recording of a Trustee's Deed Upon Sale in the Official Records of the County in which the Property is located.

On May 15, 2010, a California licensed process server served a 3/90 Notice to Quit ("Notice") on Defendant Joselito Fabionar ("Defendant") in compliance with California Code of Civil Procedure section 1162. Although the Notice has expired, Defendant continues to remain in possession of the Property.

On June 11, 2010, Plaintiff commenced this action by filing a Complaint for Unlawful Detainer in the Superior Court of California, County of Alameda. Plaintiff's Complaint contains a

single state law cause of action for unlawful detainer. The Complaint specifically states that the amount of damages sought "Does Not Exceed $10,000." (Dkt. #4-2, Ex. A.) On July 1, 2010, Defendant was served with copies of the Summons and Complaint. *Id.*, Ex. B. On or about November 1, 2010, Defendant filed a Notice of Removal to this Court. (Dkt. #1.)

On November 10, 2010, Plaintiff filed the present motion to remand. (Dkt. #4.) Defendant filed an opposition on November 30, 2010, Plaintiff filed a reply on December 3, 2010, and the Court held a hearing on December 2, 2010.

### III.  DISCUSSION

In its motion, Plaintiff raises two arguments in support of remand: (1) removal was improper because Defendant did not file a Notice of Removal within 30 days from the date Defendant first received notice that this action was pending; and (2) removal was improper in that this Court lacks subject matter jurisdiction over this matter because the case could not have been filed originally in federal court based on diversity or federal question grounds. Specifically, Plaintiff argues that diversity jurisdiction does not exist because the matter in controversy does not exceed $75,000, exclusive of interest and costs, and that federal question jurisdiction does not exist because the Complaint does not present a claim or right arising under the Constitution, treaties, or laws of the United States.

In response, Defendant argues that the fair market value of the property at issue is $219,500.00, which meets the jurisdictional requirement. Specifically, if Plaintiff is allowed to foreclose on the property, Defendant argues that he will lose the full value of the home, not simply the $10,000 that Plaintiff claims. In addition, Defendant argues that federal question jurisdiction exists because state law requires that Plaintiff has perfected title, which it cannot do unless "meeting requirements of federal law."

**A.  Legal Standard**

If at any time before final judgment it appears that a court lacks subject matter jurisdiction, it may remand the case to state court either *sua sponte* or on motion of a party. Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in removal procedure." 28

U.S.C § 1447(c); Buchner v. FDIC, 981 F.2d 816, 820 (5th Cir. 1993).  Even if no objection is made to removal or both sides stipulate to federal jurisdiction, the district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits (even if the merits could be readily resolved).  University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410-11 (11th Cir. 1999) (error to rule on plaintiff's right to dismiss removed case before determining existence of removal jurisdiction); Valdez v. Allstate Ins. Co. 372 F.3d 1115, 1116 (9th Cir. 2004).

The defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case.  The defendant also has the burden of showing that it has complied with the procedural requirements for removal.  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004); Miller v. Diamond Shamrock Co., 275 F.3d 414, 417 (5th Cir. 2001).

**B.    Application to the Case at Bar**

1.    Whether Defendant Removed the Case in a Timely Manner

In general, a defendant must file in the district court a notice of removal within 30 days after receipt of the first pleading in the state action that sets forth a removable claim.  28 U.S.C § 1446(b).  In this case, Defendant failed to file a Notice of Removal within 30 days after service of the Complaint, and he fails to respond to Plaintiff's argument in his opposition.  As a result of this procedural defect in the removal process, the Court should remand the case to State Court.

2.    Whether Federal Question Jurisdiction Exists

Federal subject matter jurisdiction must exist at the time the action is commenced.  Morongo Band of Mission Indians v. California State Board of Equalization, 858 F2d 1376, 1380 (9th Cir. 1988). Whether a case "arises under" federal law for jurisdiction purposes is tested by the "well-pleaded complaint" rule: Federal courts consider only what necessarily appears in plaintiff's statement of his or her claim, unaided by anything alleged in anticipation or avoidance of defenses the defendant may interpose.  Taylor v. Anderson, 234 U.S. 74, 75-76 (1914); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830 (2002).  Whether a case "arises under"

3

federal law does not depend upon matters raised in the answer. The Supreme Court has rejected proposals that the answer as well as the complaint be consulted before a determination is made whether the case "arises under" federal law. Holmes Group, 535 U.S. at 830–31. Thus, it follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for "arising under" jurisdiction. Holmes Group, 535 U.S. at 831. The well-pleaded complaint rule makes the plaintiff the master of the claim. Thus, a plaintiff generally may avoid federal jurisdiction by exclusive reliance on state law. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal question jurisdiction does not exist where the complaint is based entirely on state law, even if issues of federal law are certain to be raised in defendant's answer or counterclaim. Phillips Petroleum Co. v. Texaco, Inc. 415 U.S. 125, 127; Taylor v. Anderson, 234 U.S. 74, 75-76 (1914).

In this case, Plaintiff's complaint is grounded in California state law. As set forth prominently on the first page of Plaintiff's complaint, the complaint contains a single cause of action for unlawful detainer based upon California Code of Civil Procedure section 1161a, which provides in relevant part as follows:

> (b)   In any of the following cases, a person who holds over and continues in possession of a manufactured home, mobile home, floating home or real property after a three-day written notice to quit the property has been served upon the person, or if there is a subtenant in actual occupation of the premises, also upon such subtenant, as described in Section 1162, may be removed therefrom as prescribed in this chapter:
>
> * * *
> (3)   Where the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by such person, or a person under whom such person claims, and the title under the sale has been duly perfected.

Thus, Plaintiff is entitled to judgment upon establishing that the Property was sold in accordance with Civil Code section 2924 and that the requisite three-day notice to quit to Defendant was served as described in Code of Civil Procedure section 1162. Cal. Code Civ. Proc. § 437(c)(o)(1); Stephens, Partain & Cunningham v. Hollis 196 Cal. App.3d 948, 952 (1987); Evans v.

4

1  Superior Court, 67 Cal. App.3d 162 (1977). Accordingly, the Complaint lacks any federal claims.[1]

2         3.       <u>Whether Diversity Jurisdiction Exists</u>

3  The diversity jurisdiction statute provides: "The district courts shall have original jurisdiction
4  of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is
5  between: (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign
6  state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional
7  parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff, and citizens of a
8  State or of different States." 28 USC § 1332(a). Courts have further limited diversity jurisdiction by
9  construing the diversity statutes strictly. Any doubt as to whether jurisdiction exists is normally
10 resolved against a finding of such jurisdiction. <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F2d 1088,
11 1092 (9th Cir. 1983); <u>Sheehan v. Gustafso,</u> 967 F2d 1214, 1215 (8th Cir. 1992).

12 Diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value
13 of $75,000, exclusive of interest and costs . . . ." 28 USC § 1332(a); <u>Arbaugh v. Y & H Corp.</u>, 546
14 U.S. 500, 514 (2006) ("amount-in-controversy threshold an ingredient of subject-matter
15 jurisdiction"). Diversity jurisdiction must be ascertained at commencement of the action; later
16 events generally do not affect diversity jurisdiction. Thus, diversity jurisdiction exists if the
17 complaint as filed puts more than $75,000 at issue. <u>Johnson v. Wattenbarger</u>, 361 F3d 991, 993 (7th
18 Cir. 2004). The amount in controversy is determined from the allegations or prayer of the
19 complaint. <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938).

20 In this case, Plaintiff's complaint seeks less than $10,000, as stated prominently on the face
21 of the Complaint. In unlawful detainer actions, the amount of damages sought in the complaint, not

---

[1] Defendant also seems to argue that the Court retain jurisdiction so that he may pursue claims for alleged violations of TILA, RESPA, etc. However, these claims are outside the limited scope of these unlawful detainer action. Because the scope of the unlawful detainer proceedings are limited, cross-complaints and counterclaims are not allowed and, if filed, are subject to motion to strike. [<u>Knowles v. Robinson</u>, 60 Cal.2d 620, 626-27 (1963); The Rutter Group, <u>Landlord-Tenant</u>, 8:407. Indeed, filing a cross-complaint in unlawful detainer proceeding may be sanctionable conduct (Ca Civ Pro § 128.7). Thus, if Defendant desires to litigate such claims, he must do so in a separate action.

5

the value of the subject real property, determines the amount in controversy. Cal. Code Civ. Pro. §86(a)(4) ("The following proceedings are limited civil cases: . . . (4) Proceedings in forcible entry or forcible or unlawful detainer where the whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less.") An unlawful detainer action must be filed as a limited civil case where the total amount of damages claimed does not exceed $25,000.00. Cal. Code Civ. Pro. §§ 85(a), 86(a)(4). Whether an action qualifies as a limited civil case is determined from the prayer for relief (demand) in plaintiff's complaint. Ca Civ Pro §§ 85, 88; Engebretson & Co., Inc. v. Harrison, 125 Cal. App. 3d 436, 444-45 (1981). The $25,000 limit with regard to unlawful detainer actions relates to the amount of rental damages "claimed", not the value of the subject real property. CEB, California Landlord-Tenant Practice (2nd ed) §9.32. If it were otherwise, nearly all unlawful detainer actions in California would be filed in the courts of unlimited jurisdiction because most real property in California has a value of $25,000.00.

In this case, the Complaint seeks rental damages in the amount of $50 per day (or $1,500 per month) from expiration of the Notice to Vacate through the date of judgment. The complaint further states that the amount of rental damages sought does not exceed $10,000. In fact, Defendant already raised this issue in state court by filing a Motion to Transfer or Reclassify Case to Unlimited Jurisdiction on the basis that the amount in controversy was allegedly over $25,000. The Court denied the motion. (Dkt. #13.) Hence, the state court has already ruled that the amount in controversy does not exceed $25,000. Accordingly, the Court lacks diversity jurisdiction.

## IV.  CONCLUSION

Based on the analysis above, the Court hereby GRANTS Plaintiff's motion to remand and REMANDS this action to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: December 6, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ONEWEST BANK, FSB

        Plaintiff,

v.

JOSELITO C FABIONAR

        Defendant.

Case Number: 10-04940 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 6, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joselito Fabionar
27624 Baldwin Street
Hayward, CA 94544

Dated: December 6, 2010

        Richard W. Wieking, Clerk
        By: Brenda Tolbert, Deputy Clerk